FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL PETER SPITZAUER (01),<br>also known as Michael Peter Scott<br>Spitzauer McCune,<br><br>               Defendant. | No. 4:18-CR-06012-SMJ-01<br><br>**ORDER DENYING DEFENDANT SPITZAUER'S (01) MOTION TO WITHDRAW FROM GUILTY PLEA** |

Before the Court is Defendant Michael Peter Spitzauer's (01) Motion to Withdraw from Guilty Plea, ECF No. 132. Spitzauer seeks, before sentencing, to withdraw his guilty plea to the crimes of making a false statement and aggravated identity theft. ECF No. 117 at 2; ECF No. 118 at 2. Spitzauer claims the Court conducted an inadequate plea colloquy by failing to establish a sufficient factual basis for his guilty plea, specifically as it relates to his mental state at the time of the charged offenses. ECF No. 132 at 6. The Court held a hearing regarding the motion on January 10, 2019. At the hearing, the Court orally denied the motion because Spitzauer fails to show a fair and just reason for withdrawing his guilty plea. This Order memorializes and supplements the Court's oral ruling.

ORDER DENYING DEFENDANT SPITZAUER'S (01) MOTION TO
WITHDRAW FROM GUILTY PLEA **-** 1

## BACKGROUND

The Court held a change of plea hearing in this case on September 6, 2018, during which Spitzauer pleaded guilty to the crimes of making a false statement and aggravated identity theft. ECF No. 127 at 2, 17–18. In the plea colloquy, the Court explained the essential elements of the charged offenses and Spitzauer stated he understood them. ECF No. 127 at 13–14. While Spitzauer gave evasive answers to the Court's questions regarding what really occurred in this case, he eventually admitted all elements. Spitzauer stipulated and agreed that the facts contained in his written plea agreement are accurate and the Government could prove them beyond a reasonable doubt. *Id.* at 14. Spitzauer then elaborated on his mental state, stating the following in response to the Court's questions:

> THE DEFENDANT: I believed what I was told without checking it, and I should have checked everything out before I filed for the passport and made the statement and attached the birth certificate.
> THE COURT: Okay. But that's not a crime.
> (Counsel and defendant conferring.)
> THE DEFENDANT: I made a statement to the executive branch of the government of the United States knowingly and willingly to get the passport, and attached a birth certificate which was not mine.
> THE COURT: You knew it wasn't yours?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And you knew that was a false statement?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And you knew that that was a birth certificate of a real person? They had passed away, but a real person.
> THE DEFENDANT: Yes, Your Honor.

*Id.* at 18–19.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a criminal defendant may withdraw his or her guilty plea before sentencing "if the defendant can show a fair and just reason for requesting the withdrawal." Fair and just reasons include "inadequate ... plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). The defendant bears the burden of demonstrating at least one of these conditions exists. *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009).

This "fair and just reason" standard is generous and the Court must apply it liberally, freely allowing a presentence motion to withdraw a guilty plea. *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008); *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005); *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988). "[A] defendant does *not* have to prove that his plea is invalid in order to establish a fair and just reason for withdrawal before sentencing." *Davis*, 428 F.3d at 806. "Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawing his plea even if the plea is otherwise valid." *Id.*

"While a withdrawal of a guilty plea should be freely allowed prior to

sentencing, there is no absolute right to change a plea. Rather, the decision is committed to the sound discretion of the district court." *United States v. Del Valle-Rojas*, 463 F.2d 228, 229 (9th Cir. 1972) (citations omitted). In ruling on a presentence motion to withdraw a guilty plea, "the trial court has wide discretion . . . , particularly so where a petitioner does not allege innocence of the offense charged." *Leano v. United States*, 457 F.2d 1208, 1209 (9th Cir. 1972).

**DISCUSSION**

Spitzauer claims the Court conducted an inadequate plea colloquy by failing to establish a sufficient factual basis for his guilty plea, specifically as it relates to his mental state at the time of the charged offenses. ECF No. 132 at 6.

Before accepting a guilty plea, a district court must question the defendant and satisfy itself that a factual basis for the plea exists because the conduct the defendant admits constitutes the charged offense to which he or she pleaded guilty. *McCarthy v. United States*, 394 U.S. 459, 467 (1969). "The court need not be convinced beyond a reasonable doubt that an accused is guilty. It need only be convinced that there is sufficient evidence to justify the reaching of such a conclusion." *United States v. Neel*, 547 F.2d 95, 96 (9th Cir. 1976); *accord United States v. Reyna-Tapia*, 328 F.3d 1114, 1120 n.5 (9th Cir. 2003). When assessing whether a factual basis exists for a guilty plea, a district court "may consider all of the evidence before it at the time of judgment," *United States v. Alber*, 56 F.3d 1106,

1110 (9th Cir. 1995), and "may rely on presentence reports," *Reyna-Tapia*, 328 F.3d at 1120 n.5.

Here, the Court sufficiently satisfied itself through the plea colloquy and a review of the record that, at the time of the charged offenses, Spitzauer had the mental state required for making a false statement, *see* 18 U.S.C. § 1001(a) ("knowingly and willfully"), and aggravated identity theft, *see* 18 U.S.C. § 1028A(a)(1) ("knowingly"). Spitzauer's argument employs a flawed reading of what an adequate plea colloquy requires.

Regardless, Spitzauer fails to substantiate his claims. Spitzauer's claims are unsworn and directly contradict the statements he made under oath at his change of plea hearing. "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008); *e.g.*, *United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir. 2015) (concluding a defendant did not show a fair and just reason for withdrawing his guilty plea where his "testimony during the plea hearing directly contradicted his contention that he did not enter his plea voluntarily and knowingly"). Further, Spitzauer waited almost three months to challenge his guilty plea and is not asserting innocence. *See* ECF No. 132 at 6–8. It is apparent that Spitzauer made a tactical decision to accept a global resolution plea agreement and avoid significant trial risks.

Considering all, Spitzauer fails to show a fair and just reason for withdrawing his guilty plea. The guilty plea stands.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant Michael Peter Spitzauer's (01) Motion to Withdraw from Guilty Plea, **ECF No. 132**, is **DENIED**.

**2.** All hearings, deadlines, and procedures imposed by the Court's November 7, 2018 Order Granting Motion to Continue Sentencing and Resetting Related Deadlines, ECF No. 124, remain unchanged.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 10th day of January 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANT SPITZAUER'S (01) MOTION TO WITHDRAW FROM GUILTY PLEA **-** 6