FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    4:18-cr-06012-SMJ-01 |
| Plaintiff, | **ORDER DISMISSING IN PART DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART** |
| v. | |
| MICHAEL PETER SPITZAUER (01), also known as Michael Peter Scott Spitzauer McCune, | |
| Defendant. | |

Before the Court is Defendant Michael Peter Spitzauer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 183. Plaintiff seeks to vacate or set aside his consecutive sentences of six months' and twenty-four months' imprisonment after he plead guilty to making a false statement and aggravated identity theft. Defendant alleges that the Government failed to disclose exculpatory evidence, that the conduct with which he was charged did not constitute a crime, and that his attorney rendered ineffective assistance of counsel. For the following reasons, the Court finds it is clear from the face of the petition that Defendant is not entitled to relief on his second and fourth through eighth grounds for relief or his third ground for relief in part, and

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 1

therefore dismisses these without a response from the Government and without an evidentiary hearing. The Government is directed to respond as to Defendant's first ground for relief and Defendant's third ground for relief in part.

## BACKGROUND

On March 13, 2018, Defendant was indicted for willfully and knowingly making a false statement in an application for a passport in violation of 18 U.S.C. § 1542, for making a false statement by claiming to be a United States citizen in an application for a U.S. Passport in violation of 18 U.S.C. § 1001, and for knowingly using the identification of another person during a felony in violation of 18 U.S.C. § 1028A. ECF No. 1. On June 12, 2018 Defendant was indicted by a superseding indictment for these three offenses. ECF No. 42. On September 6, 2018, Defendant pled guilty to the latter two counts, an Information Superseding Indictment was entered as to these two counts, and Defendant waived prosecution by indictment. ECF Nos. 113, 115 & 116. Defendant pled guilty after he entered a plea agreement with the Government that contained several relevant provisions set out in more detail below. *See* ECF No. 117.

On March 7, 2019, the Court accepted the plea agreement and sentenced Defendant to a term of six months' imprisonment as to the false statement count, and for twenty-four months' imprisonment as to the aggravated identity theft count, each to run consecutively to one another. The sentence as to count two, aggravated

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 2

identity theft, was the minimum permitted under law, as was the fact that the term run consecutive to other terms of imprisonment. On September 19, 2019, Plaintiff filed this *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by person in federal custody. ECF No. 183.

## LEGAL STANDARD

Under § 2255, a prisoner incarcerated pursuant to the judgment of a federal court may move the sentencing court to vacate, set aside, or correct the sentence because it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

On receipt of such a motion, the Court must perform a preliminary review of the bases it sets forth and the relief it requests. The Court may dismiss a prisoner's § 2255 motion without service on the Government, without an evidentiary hearing, and without entering findings of fact and conclusions of law if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In deciding whether the Court must summarily dismiss a § 2255 motion, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States*

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 3

1  *v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Court must liberally construe

2  a *pro se* § 2255 motion. *Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016);

3  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

**DISCUSSION**

5      Defendant asserts nine grounds for relief, including that the Government

6  failed to disclose exculpatory evidence, that the alleged conduct was not a crime,

7  and seven claims of ineffective assistance of counsel. ECF No. 183. Defendant was

8  sentenced pursuant to a plea agreement he entered with the Government. *See* ECF

9  No. 117. As part of that agreement, Defendant agreed to the following provision:

> The Defendant understands that he has a limited right to appeal or
> challenge the conviction and sentence imposed by the Court. The
> Defendant hereby expressly waived his right to appeal his conviction
> and the sentence the Court imposes. The Defendant's waiver includes
> the waiver of his right to appeal his conviction and sentence in the
> instant case (Case No. 4:18-CR-6012-SMJ-1) and in his supervised
> release case . . . . The Defendant further expressly waives his right to
> file any post-conviction motion attacking his conviction and sentence
> for both the instant case (Case No. 4:18-CR-6012-SMJ-1) and in his
> supervised release case . . . , *including a motion pursuant to 28 U.S.C.*
> *§ 2255*, except one based upon ineffective assistance of counsel based
> on information not now known by Defendant and which, in the exercise
> of due diligence, could not be known by Defendant by the time the
> Court imposes the sentence.

> Defendant acknowledges that this waiver shall result in the dismissal
> of any appeal or collateral attack Defendant might file challenging the
> conviction or sentence in the instant case (Case No. 4:18-CR-6012-
> SMJ-1) and in his supervised release case . . . , except for ineffective
> assistance of counsel as noted above. . . .

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 4

ECF No. 117 at 12–13 (emphasis added).

A criminal defendant who enters into a plea agreement may, by doing so, prospectively waive his right to appeal or collaterally attack his sentence or conviction. *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009). Such an appeal waiver is, however, only valid to the extent it is "knowingly and voluntarily made." *Id.* (quoting United States v. Joyce, 357 F.3d 921, 922 (9th Cir. 2004)). Because Defendant asserts that he did not voluntarily enter into the plea agreement, the Court first evaluates these claims before evaluating each of the remaining grounds for relief set forth in the petition.

**A.    Voluntariness of Plea Agreement**

The Court considers Defendant's seventh and ninth grounds for relief together, as both in substance assert that Defendant did not voluntarily enter into the plea agreement, but rather was pressured to enter into the agreement by his attorney. ECF No. 183 at 16, 18. In his seventh ground, Defendant argues that his attorney did not provide him with enough time to consider the plea agreement, refused to pursue Defendant's requested changes to the agreement, and pressured Defendant to accept the agreement. *Id.* at 16. In his ninth ground, Defendant argues that counsel directed him to read from the plea agreement during the plea colloquy and that he was "pushed" into entering into the plea agreement by counsel. *Id.* at 18.

"The test for determining whether a plea is valid is 'whether the plea

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 5

represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). In evaluating the voluntariness of a plea, the court must "look to the totality of the circumstances, examining both the defendant's 'subjective state of mind' and the 'constitutional acceptability of the external forces inducing the guilty plea.'" *Doe*, 508 F.3d at 570 (quoting *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986)). The court gives "substantial weight to contemporaneous on-the-record statements in assessing the voluntariness of pleas." *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991) (citing *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986)); *see also Chizen*, 809 F.2d at 562 ("[Defendant's] representations at the plea hearing therefore properly constitute an 'imposing' barrier to collateral attack." (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

At the change of plea hearing, the Court questioned Defendant, under oath, about his understanding of the plea agreement and its consequences, as well as his willingness to enter the agreement. The Court explained that the questions Defendant would be asked were "to get an understanding of whether or not this plea is being entered voluntarily, knowingly, and knowing what the consequences are, understanding the entirety of his plea agreement." ECF No. 127 at 3–4. The Court explained that Defendant could at any time ask for clarification or ask to speak with his attorney, that the Court could suspend the proceedings, and that Defendant did

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 6

not need to plead guilty. *Id.* at 4. Defendant stated that he was not under the influence of any medication except high blood pressure medication that did not affect his ability to understand the proceedings and was not under the influence of drugs or alcohol. *Id.* at 6.

Defendant affirmed that he had reviewed the information superseding indictment, that his attorney had answered questions about it, and that he was satisfied with his attorney's answers. *Id.* The Court explained the penalties associated with the two counts, and Defendant affirmed that he understood those consequences. *Id.* at 7. Defendant affirmed that he understood the consequences of waiving his right to prosecution by indictment and that he had a "thorough opportunity to discuss [the waiver] with his attorney." *Id.* at 7–8.

Defendant proceeded to give the following answers regarding his opportunity to review the plea agreement and his satisfaction with counsel's representation:

> THE COURT: I want to go over the guilty plea with you. Did you review that guilty plea with your attorney?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Did you have an opportunity to ask him questions about that plea agreement?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And do you feel like you understood that document?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: If he answered those questions – excuse me. He answered the questions that you had, correct?
> THE DEFENDANT: Yes.
> THE COURT: And were you satisfied with his answers?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Are you satisfied with the services that you have

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 7

received from your attorney in this case?
THE DEFENDANT: Yes, Your Honor.

*Id.* at 8. The Court later asked if Defendant felt he had an adequate opportunity to

discuss with his attorney the potential immigration consequences of pleading guilty.

*Id.* at 12. Defendant twice affirmed that he had an adequate opportunity to discuss

those consequences with his attorney or other counsel. *Id.* Defendant affirmed that

he had reviewed the waiver of appeal rights in the plea agreement and stated he did

not have any questions regarding that waiver. *Id.* at 17.

Finally, Defendant made the following statements:

THE COURT: Sir, are you making this plea freely and voluntarily?
THE DEFENDANT: Yes, Your Honor.
THE COURT: This is your decision?
THE DEFENDANT: Yes, Your Honor.
THE COURT: No one is forcing you to do this?
THE DEFENDANT: No, Your Honor.

*Id.* at 18. Defendant asserts that when the Court asked what Plaintiff had done that

made him believe he was guilty of a crime, Defendant described his conduct, but

when the Court stated that would not be a crime, counsel pressured him to read from

the plea agreement. ECF No. 183 at 18. The record reflects the following exchange:[1]

THE COURT: Then why don't you tell me in your own words what it
is that you did that makes you believe that you're guilty of this

---

[1] Defendant asserts that "the [v]ideo of the proceedings" would show defense counsel pushed the written plea agreement toward Defendant and pointed to Defendant to read how the plea was written. ECF No. 183 at 18. However, the Court neither creates nor maintains video records, and so relies on the official transcript of the proceedings, ECF No. 127.

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 8

offense.

THE DEFENDANT: I believed what I was told without checking it, and I should have checked everything out before I filed for the passport and made the statement and attached the birth certificate.

THE COURT: Okay. But that's not a crime.

(Counsel and defendant conferring.)

THE DEFENDANT: I made a statement to the executive branch of the government of the United States knowingly and willingly to get the passport, and attached a birth certificate which was not mine.

THE COURT: You knew it wasn't yours?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you knew that was a false statement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you knew that that was a birth certificate of a real person? They had passed away, but a real person.

THE DEFENDANT: Yes, Your Honor.

ECF No. 127 at 18–19. Regardless of whether the first portion of Defendant's statement after conferring with counsel was derived from the plea agreement, Defendant clearly and unequivocally answered the Court's questions regarding his conduct. This evidence of the voluntariness of Defendant's plea and entry into the plea agreement militate toward finding Defendant cannot show he is entitled to relief.

Defendant also brought a motion to set aside the plea agreement on February 14, 2019, over five months after he entered the plea. ECF No. 161. At this time, Defendant was represented by a different attorney than the one who represented him in negotiating the plea agreement and when he pled guilty. *See* ECF Nos. 140, 141. In this motion, Defendant argued that the factual basis for the plea to

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 9

1  which Defendant stipulated was insufficient. ECF No. 161. Nowhere in this motion

2  did Defendant seek to set aside the plea agreement because he had not voluntarily

3  entered into it. *Id.* Particularly in light of the fact that Defendant was represented by

4  a different attorney, and thus would not need to raise the alleged coercion with the

5  alleged coercer, this creates a strong inference that Defendant did not then consider

6  the plea agreement to have been coerced.

7        Finally, Defendant's arguments regarding counsel's conduct do not reflect

8  constitutionally unacceptable external forces inducing the guilty plea. *See Doe*, 508

9  F.3d at 570. Defendant first asserts counsel did not give him enough time to decide

10  on the plea deal and that when Defendant asked for changes to the plea deal, counsel

11  told Defendant "I thought we had a deal, I already scheduled other Clients for the

12  time your trial was set." ECF No. 183 at 16. Defendant then asserts that during the

13  plea colloquy defense counsel moved the plea agreement toward him and then

14  "pointed the Defendant to read word for word of []it." ECF No. 183 at 18.

15        First, Defendant's statements on the record, discussed in more detail above,

16  contradict his assertions that he did not have enough time to consider the plea

17  agreement or that he was dissatisfied with the counsel's negotiation of the terms of

18  the agreement. ECF No. 127 at 8. Moreover, Defendant does not state how long he

19  was given to consider the plea agreement, how long he would have liked to consider

20  the plea agreement, or that he would not have entered into the plea agreement had

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 10

he been given more time to consider. Defendant's final assertion shows nothing more than that counsel provided guidance to Defendant during the hearing. In sum, the record establishes that Defendant's guilty plea were knowing and voluntary, Defendant is entitled to no relief on these grounds, and these grounds are dismissed.

**B.      Failure to Disclose Exculpatory Evidence**

Defendant alleges the Government failed to disclose the contents of a second interview allegedly conducted with Co-Defendant Judith Ann Calhoun in which Defendant alleges Co-Defendant Calhoun made statements that "fully exonerated the Defendant." ECF No. 183 at 4. Defendant asserts that if he had known of this evidence, he would not have entered into a guilty plea. *Id.*

The Government must disclose evidence that is "material either to guilt or to punishment." *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is material if it creates a "'reasonable probability' of a different result" in the proceedings. *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). This duty "encompasses impeachment evidence as well as exculpatory evidence." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)). To establish a *Brady* violation requires three components: (1) "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) "that evidence must have been suppressed by the State, either willfully or inadvertently,"

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 11

and (3) the evidence was material, such that the result would have been different had the evidence been disclosed to the defense. *Strickler*, 527 U.S 281–82, 289. In the Ninth Circuit, a guilty plea does not entirely foreclose a defendant from raising a *Brady* claim. *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995).

Defendant's allegations are largely conclusory regarding what Co-Defendant Calhoun allegedly said during this interview or why, had Defendant known of the interview, he would not have pled guilty. *See* ECF No. 183 at 4. However, it is not clear from the face of the complaint that Defendant is entitled to no relief on this issue, and the Court therefore orders the Government to respond.

## C.    Alleged Conduct's Criminality

Defendant next argues that the conduct with which he was charged could not have constituted a crime because Defendant could not have known whether the person whose identification he used was a "real person," and that there is no evidence that the individual was a "real person." ECF No. 183 at 5–6. This argument is similar to the argument Defendant raised in seeking to withdraw from his guilty plea, which the Court rejected. *See* ECF No. 161. The Court liberally construes this as an argument that Defendant is actually innocent.

Section 2255 relief is available where a plea agreement results in the conviction of one who is actually innocent. *Bousley v. United States*, 523 U.S. 614, 618 (1998). To establish actual innocence, a defendant must demonstrate that "in

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 12

light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotations and citations omitted).

To prove aggravated identity theft under 18 U.S.C. § 1028A(a)(1), at trial the Government would have had to show beyond a reasonable doubt that Defendant knew the means of identification he used belonged to a "real person." *See Flores-Figueroa v. United States*, 556 U.S. 646, 647, 654–57 (2009); *United States v. Doe*, 842 F.3d 1117, 1119–20 (9th Cir. 2016). A "real person" has been defined to include either a living or deceased person. *See United States v. Maciel-Alcala*, 612 F.3d 1092, 1100–02 (9th Cir. 2010).

First, Defendant's argument that the statute's term "a real person" is ambiguous is without merit. Defendant argues, without any citation, that the statute requires "a 'Real Person' which can give consent." ECF No. 183 at 6. Defendant then presents the Merriam-Webster definition of the word "real" and the language of 1 U.S.C. § 8 to argue that the Government was required to prove that the person whose birth certificate Defendant used to apply for a passport was born alive—in other words, that he was completely extracted from his mother and after such expulsion, he breathed or had a beating heart, pulsation of the umbilical cord, or definite movement of voluntary muscles. *Id.* at 6–7.

However, under 18 U.S.C. § 1028A, the operative issue of whether a person is "real" is a question of whether the identity used was *fabricated* or belonged to a

real person. *See Maciel-Alcala*, 612 F.3d at 1100–02 (discussing legislative intent of 18 U.S.C. § 1028A). That there is evidence the person whose birth certificate Defendant appropriated died the day after his birth does not negate that he is a "real person" for the purposes of 18 U.S.C. § 1028A. *See Maciel-Alcala*, 612 F.3d at 1102. Nor is there any indication that the Government would have needed to provide any evidence that a "live birth" occurred beyond the birth certificate itself. *See United States v. Cardenas*, 408 F. App'x 106, 111 (9th Cir. 2011) (finding identity theft conviction legally sufficient where the defendant "had an original of Carlos Martinez's birth certificate, proving that he knew Martinez was a real person").

Second, the record in this case clearly contradicts Defendant's assertion that he could not have known that the birth certificate used to apply for a passport belonged to a real person. During the plea colloquy, as quoted above, Defendant stated the following in response to the Court's questions:

> THE COURT: Then why don't you tell me in your own words what it is that you did that makes you believe that you're guilty of this offense.
> THE DEFENDANT: I made a statement to the executive branch of the government of the United States knowingly and willingly to get the passport, and attached a birth certificate which was not mine.
> THE COURT: You knew it wasn't yours?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And you knew that was a false statement?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And you knew that that was a birth certificate of a real person? They had passed away, but a real person.
> THE DEFENDANT: Yes, Your Honor.

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 14

ECF No. 127 at 18–19. Defendant also stipulated and agreed that the facts contained in his written plea agreement were accurate and the Government could prove them beyond a reasonable doubt. *Id.* at 14. Those facts included that,

> In support of the [U.S. passport] application, and as evidence of U.S. Citizenship, [Defendant] provided a certificate of vital record from El Paso County, Texas, in the name of Michael Scott McCune, indicating a date of birth with the year 1967, and parents Harvey Victor Lee McCune and Patsy Sue Adams. A records check revealed that an El Paso death certificate issued a day following Michael Scott McCune's birth, indicating that the child had died one day following his birth.

ECF No. 117 at 7. Defendant does not challenge these facts, but rather relies on them in his argument that "there is no evidence that Michael Scott McCune was 'born alive'" and so the Government could not have shown that he was a "real person." ECF No. 183 at 7. As such, Defendant's argument that the alleged conduct could not have constituted a crime is facially without merit and this ground for relief is dismissed.

**D.    Ineffective Assistance of Counsel**

A claim for relief based on ineffective assistance of counsel requires two components: (1) that counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that counsel's deficient performance was prejudicial to the outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, the Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 15

professional assistance." *Id.* at 689. Showing that counsel engaged in professionally unreasonable conduct does not provide a ground for setting aside the judgment if the conduct had no effect on the judgment. *Id.* at 691.

### 1.    Failure to Advise as to Sentencing Range

Defendant's first argument for ineffective assistance of counsel is that Defendant's attorney advised Defendant that if he proceeded to trial and was convicted, he could receive a sentence of sixty-two to seventy-two months' incarceration and he would lose his argument of being a United States Citizen in separate immigration proceedings. ECF No. 183 at 9. Defendant asserts "[t]he [r]ange was so much more and had Defendant known the facts he would never have plead guilty." *Id.*

Defendant's claim regarding counsel's advice as to the likely sentence if Defendant proceeded to trial is not facially barred. Although "a mere inaccurate prediction" of the potential sentence alone does not constitute ineffective assistance of counsel, a "gross mischaracterization of the likely outcome . . . , combined with the erroneous advice on the possible effects of going to trial" may constitute a ground for ineffective assistance of counsel. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (citations omitted).

As to the potential impact of conviction by jury on Defendant's immigration proceedings, Defendant raises no arguments that counsel's advice that Defendant

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 16

might lose his claim of being a United States citizen in immigration proceedings was incorrect. Defendant's indictment for a violation of 18 U.S.C. § 1001 was based on the allegation that Defendant made a false statement and representation "by falsely claiming on an Application for a U.S. Passport to be a United States citizen." ECF No. 42 at 2; ECF No. 113 at 1. Had Defendant proceeded to trial, the jury would have necessarily made findings as to Defendant's citizenship status if they found him guilty of the charged offense. Counsel's advice therefore appears accurate. Moreover, Defendant has not indicated this advice influenced his decision to enter into the plea agreement. *See* ECF No. 183 at 9. As such, Defendant's third ground in relation to counsel's advice regarding immigration impacts facially entitles him to no relief and is dismissed. However, the government is directed to respond to Defendant's argument that he received ineffective assistance of counsel as to advice on the potential range of imprisonment had Defendant proceeded to trial.

### 2.    Failure to Provide Discovery Material

Defendant's fourth ground for relief is that his counsel failed to provide Defendant with discovery material. ECF No. 183 at 10. Defendant does not identify any actual evidence of which he was unaware at the time he entered into the plea agreement and that he only learned of after pleading guilty. *See id.* Defendant also has not described how any new information would have changed his decision to enter into the guilty plea. *See id.*

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 17

With regards to counsel's failure to provide copies of discovery material, the amount of discovery material counsel had or had not provided to Defendant was plainly known to Defendant before the time the Court imposed its sentence and is therefore barred by the terms of the plea agreement. *See* ECF No. 117 at 12–13. Moreover, Defendant has not made any showing that the failure to provide discovery material influenced his decision to enter into the plea agreement. *See* ECF No. 183 at 10. As such, Defendant's fourth ground is facially barred by the waiver, Defendant is entitled no relief, and this ground for relief is dismissed.

### 3.    Failure to Advise of Consecutive Sentence

Defendant then argues his attorney "failed to disclose all effects of the Plea Deal to Defendant" and that he believed the sentence imposed for violating his supervised release conditions in another case would be imposed concurrently with his sentence in this case. ECF No. 183 at 12.

The record belies Defendant's assertion. On September 2, 2018, during the plea colloquy, Defendant stated that he understood that the plea agreement included an agreement to recommend that his sentence be served consecutively to the sentence for his supervised release violations in the other case. ECF No. 127 at 15–16. Specifically, Defendant stated the following in response to the Court's questions:

THE COURT: [T]here is this supervised release violation where the

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 18

> Court – as I understand it, you are agreeing to a recommendation, along with the Government, of six months that must be served consecutive. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And you understand that with regards to those – that supervised release, the recommendation is, of course, it has to be served consecutive; that's 6 to 12 months. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

ECF 127 at 15–16. As such, Defendant was clearly aware of the consecutive nature of the term of imprisonment for his supervised release violations in Case No. 2:13-cr-06071 well before the time the Court imposed its sentence over six months later and this claim is barred by the terms of the agreement. Defendant's fifth ground for relief is dismissed.

### 4. Failure to Advise as to Burden of Proof

Defendant then argues that counsel incorrectly advised Defendant that "he the Defendant had the Burden of Proof," including that he would have to "pro[ve] he took all steps to verify the accuracy o[]f the information he was given by others." ECF No. 183 at 13. Counsel also allegedly advised that the Government would only need to provide circumstantial evidence or "tell a story." *Id.* at 13–14.

The Court advised Defendant of the appropriate burden of proof and Defendant stated that he understood. Specifically, the Court provided Defendant with the following explanation:

> THE COURT: Do you understand that for the charge of making a false

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 19

statement that the Government has to prove that you made a false statement; that you acted willfully, with knowledge of both; that it was untrue; and that the conduct was unlawful; and that that was a material statement, that – to the – that affected the Department of State?

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And it influenced, or had a tendency to influence, the agency's decision.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: That's what they have to prove for that particular charge.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: For aggravated identity theft, that you knowingly transferred or possessed, without legal authority, by means of identification of another person.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And that that identification belonged to a real person, and that you did so during and in relation to the commission of making a false statement.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

ECF No. 127 at 13–14. Thus, Defendant cannot show he was prejudiced by any potential incorrect legal advice as to the burden of proof because Defendant was advised of the correct burden of proof by the Court. *See Carmona-Nava v. United States*, No. CR 04-157-01-MO, 2006 WL 3513685, at *6 (finding allegation that counsel was ineffective for failing to advise petitioner of right to jury trial and Government's burden of proof did not state a claim for relief because court advised petitioner of rights and burden of proof).

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 20

**5.      Failure to Seek Phone Records from Benton County Jail**

Defendant's eighth ground for relief is that his attorney refused to request phone records from the Benton County Jail on the grounds that they would be inadmissible hearsay. ECF No. 183 at 17. As with his fourth ground for relief, the fact that counsel had not sought the requested records was plainly known to Defendant before the time the Court imposed its sentence and is therefore barred by the terms of the plea agreement. *See* ECF No. 117 at 12–13. Defendant also has not made any showing that the failure to seek these records influenced his decision to enter into the plea agreement, and thus has not shown prejudice. *See* ECF No. 183 at 17. Defendant is clearly entitled to no relief on this ground and it is dismissed.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendant Michael Peter Spitzauer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. 183**, is **DISMISSED IN PART** as described above.

2.      Within thirty days from the date of this Order, the Government is directed to respond to Defendant's arguments that the Government withheld exculpatory evidence of an interview with Co-Defendant Calhoun and that counsel was ineffective for failing to advise as to the

1    appropriate potential sentence had Defendant proceeded to trial.

2        **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

3    provide copies to Defendant and counsel.

4        **DATED** this 20th day of April 2020.

5                        _____
                        SALVADOR MENDOZA, JR.
6                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART –
22