FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL PETER SPITZAUER (01),
also known as Michael Peter Scott
Spitzauer McCune,

Defendant.

No.   4:18-cr-06012-SMJ-01

**ORDER DISMISSING
DEFENDANT'S MOTION TO
VACATE, SET ASIDE, OR
CORRECT SENTENCE**

Before the Court, without oral argument, is Defendant Michael Peter Spitzauer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 183. Defendant seeks to vacate or set aside his consecutive sentences of six months' and twenty-four months' imprisonment after he pled guilty to making a false statement and aggravated identity theft. The Court determined that most of the grounds on which Defendant sought relief were meritless but directed the Government to respond to two of Defendant's allegations. The Government responded. ECF No. 192. Defendant did not submit a reply. Having reviewed the motion and the file in this matter, the Court is fully informed and finds Defendant is not entitled to any relief on his petition. As

ORDER DISMISSING DEFENDANT's MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE – 1

such, the court dismisses the petition without an evidentiary hearing.

## BACKGROUND

On March 13, 2018, Defendant was indicted for willfully and knowingly making a false statement in an application for a passport in violation of 18 U.S.C. § 1542; for making a false statement by claiming to be a United States citizen in an application for a U.S. Passport in violation of 18 U.S.C. § 1001; and for knowingly using the identification of another person during a felony in violation of 18 U.S.C. § 1028A. ECF No. 1. On June 12, 2018 Defendant was charged by superseding indictment for these three offenses. ECF No. 42. On September 6, 2018, Defendant pled guilty to the latter two counts charged by Information Superseding Indictment. ECF Nos. 113, 115 & 116. Defendant pled guilty after he entered a plea agreement with the Government that contained several relevant provisions set out in more detail below. *See* ECF No. 117.

On March 7, 2019, the Court accepted the plea agreement and sentenced Defendant to a term of six months' imprisonment as to the false statement count, and for twenty-four months' imprisonment as to the aggravated identity theft count, each to run consecutively to one another. The sentence as to count two, aggravated identity theft, was the minimum permitted under law, as was the fact that the sentence was imposed to run consecutive to the other term of imprisonment. On September 19, 2019, Defendant filed this *pro se* motion under 28 U.S.C. § 2255 to

vacate, set aside, or correct sentence by person in federal custody. ECF No. 183. The

Court denied the motion in part and directed the Government to respond to two of

Defendant's assertions of error: (1) that the Government withheld evidence of an

interview with Co-Defendant Judith Calhoun in which Calhoun gave exculpatory

testimony and (2) that Defendant received ineffective assistance of counsel because

he was incorrectly advised as to the potential range of imprisonment had Defendant

proceeded to trial. ECF No. 188.

**LEGAL STANDARD**

Under § 2255, a prisoner incarcerated pursuant to the judgment of a federal

court may move the sentencing court to vacate, set aside, or correct the sentence

because it "was imposed in violation of the Constitution or laws of the United States,

or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject

to collateral attack." 28 U.S.C. § 2255(a). Where the "motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief," the

Court may dismiss the petition without an evidentiary hearing. *Id.* at § 2255(b);

*Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977). In considering whether to

summarily dismiss a § 2255 motion, the question is whether "the movant has made

specific factual allegations that, if true, state a claim on which relief could be

granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). The Court

must liberally construe a *pro se* § 2255 motion. *Orona v. United States*, 826 F.3d 1196, 1199 (9th Cir. 2016); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

## DISCUSSION

**A.     Failure to Disclose Exculpatory Evidence**

Defendant first alleges the Government failed to disclose the contents of a second interview allegedly conducted with Co-Defendant Judith Ann Calhoun in which Defendant alleges Co-Defendant Calhoun made statements that "fully exonerated" him. ECF No. 183 at 4. Defendant asserts that if he had known of this evidence, he would not have pled guilty. *Id.* The Government responds by detailing Defendant's lengthy criminal history of crimes involving fraud and deception. ECF No. 192 at 5–6. The Government also notes that Defendant's statements are vague, unsupported by any evidence, and entirely self-serving. *Id.* at 6–7. Defendant did not reply to the Government's arguments.

In a criminal prosecution, the Government must disclose evidence that is "material either to guilt or to punishment." *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is material if it creates a "'reasonable probability' of a different result" in the proceedings. *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). This duty "encompasses impeachment evidence as well as exculpatory evidence." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citing *United States v. Bagley*, 473 U.S. 667, 676

(1985)). A *Brady* violation requires three components: (1) "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) "that evidence must have been suppressed by the State, either willfully or inadvertently," and (3) the evidence was material, such that the result would have been different had the evidence been disclosed to the defense. *Strickler*, 527 U.S 281–82, 289. In the Ninth Circuit, a guilty plea does not entirely foreclose a defendant from raising a *Brady* claim. *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995).

Defendant's allegations are largely conclusory regarding what Co-Defendant Calhoun allegedly said during this interview or why, had Defendant known of the interview, he would not have pled guilty. *See* ECF No. 183 at 4. Defendant broadly asserts Co-Defendant Calhoun "in very strong and clear words" made statements that "fully exonerated" Defendant. *Id.* Defendant does not indicate what these statements were or he how came to know about the substance of an interview at which he was not present.[1] *Id.* Notably, after the Government raised issue with the fact that Defendant did not indicate how he knew about Co-Defendant Calhoun's alleged statement, *see* ECF No. 192 at 7, Defendant failed to provide any further explanation.

---

[1] Indeed, Defendant states that the interview "was n[e]ver given or mentioned to the Defense," but he fails to explain how he ultimately came to know about it. ECF No. 183 at 1.

ORDER DISMISSING DEFENDANT's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE – 5

The Government acknowledges that the interview too place, but challenges Defendant's claim that the interview was recorded or under oath because this is counter to agency practice. *Id.* Further, the Government asserts Assistant U.S. Attorney Meghan McCalla's notes from this meeting do not reflect any exculpatory statements.[2] *Id.* Defendant provided no further explanation or clarification.

Despite being provided with the legal standard for a *Brady* violation in the Court's April 20, 2020 Order, Defendant has provided no explanation of what statements were made in the interview nor made any showing that earlier knowledge of such statements would have altered his decision to plead guilty. *See Strickler*, 527 U.S 281–82, 289 Thus, Defendant's conclusory statements, without further explanation, fail to set forth a *Brady* violation. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). This ground for relief is accordingly dismissed without an evidentiary hearing.

**B.     Ineffective Assistance of Counsel as to Advised Sentencing Range**

Defendant's final remaining ground for relief is for ineffective assistance of

---

[2] Counsel for the Government indicates that the notes from the interview do not reflect any exculpatory statements, but the Government has not provided those notes for review. Although the record would certainly be clearer if the Government had provided such evidence, because the Court finds Defendant has not made a sufficient showing of a *Brady* violation, the Court does not find an evidentiary hearing necessary.

ORDER DISMISSING DEFENDANT's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE – 6

counsel on the basis that Defendant's attorney advised Defendant that if he proceeded to trial and was convicted, he could receive a sentence of sixty-two to seventy-two months' incarceration. ECF No. 183 at 9. Defendant asserts "[t]he [r]ange was so much more and had Defendant known the facts he would never have ple[]d guilty." *Id.* The Government argues both that this is unsubstantiated and contradicted by the record and also that the allegation, even if true, does not rise to the level of ineffective assistance of counsel. ECF No. 192 at 7–12.

A claim for relief based on ineffective assistance of counsel requires two components: (1) that counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that counsel's deficient performance was prejudicial to the outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, the Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Showing that counsel engaged in professionally unreasonable conduct does not provide a ground for setting aside the judgment if the conduct had no effect on the judgment. *Id.* at 691.

Although "a mere inaccurate prediction" of the potential sentence alone does not constitute ineffective assistance of counsel, a "gross mischaracterization of the likely outcome . . . , combined with the erroneous advice on the possible effects of going to trial" may constitute a ground for ineffective assistance of counsel. *Iaea v.*

ORDER DISMISSING DEFENDANT's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE – 7

*Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (citations omitted). "To satisfy the prejudice component in the context of a guilty plea, the defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.*

First, the Government notes that Defendant has provided no support for his assertion. ECF No. 192 at 7. The Government argues Defense Counsel Adam Pechtel's notes reflect that he calculated a guideline range of thirty-four to forty months. *Id.* at 8. The Government also notes that the range of which Defendant asserts he was advised, sixty-two to seventy-two months, is not one of the guideline sentence ranges in the United States Sentencing Guidelines. *Id.* However, because the Court finds the alleged incorrect advice does not amount to a gross mischaracterization of the likely outcome, the Court does not address this argument.

The Government asserts that, without any sentencing departures, the aggregate guideline range had Defendant gone to trial and been convicted was thirty to forty months. *Id.* at 10. However, the Government asserts it had valid grounds for seeking an upward departure based on Defendant's lengthy criminal history involving crimes of fraud and deceit. *Id.* Notably, the Government asserts that, in addition to multiple prior convictions, Defendant committed the instant offense less than two months after being released from a thirty-six month term of incarceration related to filing a false tax return and failing to file a tax return. *Id.*

The Court agrees that an upward departure would have been supported by Defendant's criminal history and the likelihood that he will continue to commit other crimes. *See* U.S.S.G. § 4.3A1.3(a)(1) ("If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."). In addition to Defendant's ongoing fraudulent conduct, including that the instant offense was committed while under a criminal justice sentence in another case,[3] Defendant's case fulfilled an enumerated ground for an upward departure because his convictions abroad were not used in computing his criminal history. S*ee id.* § 4.3A1.3(a)(2)(A).

Even accepting Defendant's allegation of incorrect advice, the error in the advised guideline does not fall within the range Courts have previously found to be a gross mischaracterization. *See, e.g.*, *Crawford v. Fleming*, 323 F. Supp. 3d 1186, 1194 (D. Or. 2018) (finding a gross mischaracterization where counsel advised defendant would likely receive a sentence of seventeen and a half years and "never" more than twenty if convicted and defendant was sentenced to 396 months' incarceration). The likelihood of an upward departure further supports the Court's finding that counsel's advice "falls within the wide range of reasonable professional

---

[3] This factor was accounted for in the computation of Defendant's criminal history. *See* ECF No. 178 at 16.

ORDER DISMISSING DEFENDANT's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE – 9

assistance." *Strickland*, 466 U.S. at 689.

Moreover, Defendant cannot show he was prejudiced by counsel's error. The Court advised Defendant of the maximum sentence associated with the two charges in the Superseding Indictment to which he pled guilty, up to five years' incarceration as to count one and a mandatory two years' consecutive sentence as to count three.[4] ECF No. 127 at 7. Because Defendant was advised of the maximum possible sentences and fines for the offenses to which he plead guilty, and he affirmatively stated he was satisfied with his counsel's representation, he cannot demonstrate prejudice from an error in calculating the sentencing guidelines range and likely sentence. *See Gonzalez v. United States*, 33 F.3d 1047, 1051–52. As such, this ground for relief is dismissed without an evidentiary hearing.

## CONCLUSION

Because Defendant has failed to set forth a *Brady* violation and failed to show that counsel's alleged error in calculating Defendant's guideline sentence was a gross mischaracterization or that it resulted in prejudice, Defendant is plainly not entitled to any relief on his petition, which the Court dismisses without an evidentiary hearing.

//

---

[4] The second count of the Superseding Indictment, ECF No. 42, was not included in the Information Superseding Indictment, ECF No. 113.

ORDER DISMISSING DEFENDANT's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE – 10

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant Michael Peter Spitzauer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. 183**, is **DISMISSED**.

2.    All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, **ENTER JUDGMENT**, provide copies to *pro se* Petitioner, counsel for the Government, and the United States Marshals Service, and **CLOSE** the file. The Court certifies that Defendant has failed to make a substantial showing of the deprivation of a constitutional right because reasonable jurists could not debate whether the petition should be resolved in a different manner. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant and counsel.

**DATED** this 3rd day of August 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING DEFENDANT's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE – 11