FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 31, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PETER SPITZAUER,<br><br>Defendant. | No. 4:18-cr-06012-SMJ-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Michael Peter Spitzauer's *pro se* Motion for Reconsideration of Denial of 2255 Motion, ECF No. 194. Spitzauer asks the Court to reconsider its August 3, 2020 order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, ECF No. 193. Having reviewed the file and relevant legal authorities, the Court denies Spitzauer's motion for reconsideration.

Reconsideration "is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (quoting *Allstate Ins. Co.*

*v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)); *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). Spitzauer fails to meet this standard.

Spitzauer merely reiterates the claims he made in his § 2255 motion—that the Government withheld exculpatory evidence from an interview with Judith Calhoun and that his attorney, Mr. Adam R. Pechtel, told him an inaccurate sentencing range that resulted in Spitzauer entering a guilty plea. ECF Nos. 183, 194.

First, Spitzauer does provide additional detail as to the alleged exculpatory evidence contained in the second interview with Ms. Calhoun. ECF No. 194 at 3–6. Spitzauer explains that he found out about this interview through a "mutual friend" of him and Ms. Calhoun, Steve Eliott. *Id.* at 3. Spitzauer states the Ms. Calhoun told the Government that he did not have any knowledge or involvement in obtaining the false Birth Certificate, and that Ms. Calhoun told Defendant that it was "legit and accurate." *Id.* at 4. According to Spitzauer, Mr. Eliot stated that Ms. Calhoun told the Government that she had put together the Passport application for filing without telling Spitzauer. *Id.* But Mr. Eliott's supposed statements are not "newly discovered or previously unavailable," so the Court may not consider them here. *See Rishor*, 822 F.3d at 491–92. Additionally, the Court's decision was not "manifestly unjust" because Defendant had a full and fair opportunity to present

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION – 2

this evidence.[1] *See id.* As explained in the Court's order denying his 28 U.S.C. § 2255 motion, Spitzauer has failed to set forth a *Brady* violation. ECF No. 193 at 6.

Second, Spitzauer has not presented new evidence regarding his ineffective assistance of counsel claim. Even if Mr. Pechtel told Sptizauer that the sentencing range had he gone to trial was sixty-two to seventy-two months, that advice would not amount to a gross mischaracterization of the likely outcome. Spitzauer has thus failed to set forth an ineffective assistance of counsel claim.

Because Spitzauer fails to demonstrate a manifest error of law or fact, newly discovered or previously unavailable evidence, a manifestly unjust decision, or an intervening change in controlling law, the Court declines to reconsider its denial of his § 2255 motion.

The Court finds that Spitzauer has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), because "jurists of reason could [not] disagree with the [Court]'s resolution of his constitutional claims or . . . conclude the issues presented are adequate to deserve encouragement to proceed further," *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Therefore, the Court declines to issue a certificate of

---

[1] Spitzauer argues that he did not have a fair opportunity to present this evidence, because he was unaware that he could file a reply. ECF No. 194 at 1–2. *Pro se* status, though, "does not excuse a criminal defendant from complying with the procedural or substantive rules of the court." *U.S. v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989).

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION – 3

appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1)(B).

Accordingly, **IT IS HEREBY ORDERED**:

1. Spitzauer's Motion for Reconsideration of Denial of 2255 Motion, **ECF No. 194**, is **DENIED**.

2. A **certificate of appealability** is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to the *pro se* movant and all counsel.

**DATED** this 31st day of August 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge